IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                       PLAINTIFF

v.                                            CRIMINAL NO. 18-50070-002

DESTINY MIRANDA SUDDUTH                                                        DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is the Defendant's *pro se* **Motion Requesting Jail Credit. (Doc. 86)**. The undersigned, being well and sufficiently advised, finds and recommends as follows:

On April 17, 2019, a judgment was entered in this Court sentencing the Defendant to 162 months imprisonment for the offense of possession with intent to distribute more than 50 grams of a mixture or substance containing a detectible amount of methamphetamine. (Doc. 52). According to the Pretrial Services Report, at the time of Defendant's arraignment on October 3, 2018, Defendant was serving a 6-month parole violation. (Doc. 12). In the motion currently before the Court, Defendant requests that the six months of state time she was serving for her parole violation, and the additional seven months she spent in the Washington County jail awaiting sentencing on her federal conviction, be run concurrently with her sentence.

Application Note 4(C) to U.S.S.G. 5G1.3(d) recommends that a federal sentence be imposed consecutively to a state parole revocation sentence. Thus, it appears that Defendant's federal sentence and state parole revocation sentence are being properly served as consecutive sentences.

1

To the extent that Defendant is seeking credit toward her federal sentence for time she spent in state custody on the parole violation and the time she spent in jail awaiting her federal sentencing, a request for credit for prior custody must be made, in the first instance, through the Bureau of Prisons ("BOP"). Administrative procedures exist within the BOP to review the Bureau's failure to credit the time a Defendant has served.  Once the Defendant has exhausted her administrative remedies, she may then seek judicial review of any jail-time credit determination by the BOP by filing a habeas petition under 28 U.S.C. § 2241 in either the district where she is confined in Alabama, in the United States District Court for the District of Columbia, or in any district in which the BOP maintains a regional office.  See United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004);  United States v. Chappel, 208 F.3d 1069, 1070 (8th Cir. 2000).

Accordingly, the undersigned recommends denying Defendant's **Motion (Doc. 86)**.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Entered this 2nd day of June 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE