IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF/RESPONDENT

Criminal No. 18-50070-002

DESTINY MIRANDA SUDDUTH                                              DEFENDANT/MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the *pro* se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Defendant/Movant Destiny Miranda Sudduth ("Defendant"). (Doc. 94). The United States ("Government") has filed a Response. (Doc. 97). The matter is before the undersigned for issuance of this report and recommendation.

An evidentiary hearing is not warranted in this matter, as the § 2255 motion, the files, and the records in this case conclusively show that Defendant is not entitled to relief. See 28 U.S.C. § 2255(b); Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007)("No hearing is required when the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which they are based").

### I.     Background

On September 12, 2018, Defendant was named in Count One of a Two-Count Indictment. (Doc. 1). Count One charged Defendant and her husband, Michael Walter Selby, with knowingly and intentionally possessing with intent to distribute more than 50 grams of a mixture or substance

1

containing a detectible amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B)(viii). Id. Count Two charged Selby with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Id. On November 26, 2018, Defendant pled guilty to Count One of the Indictment. (Doc. 27).

An Initial Presentence Investigation Report ("PSIR") was submitted on March 6, 2019. (Doc. 31). The PSIR assessed a base offense level of 30 pursuant to U.S.S.G. § 2D1.1(b)(1). Id. at ¶ 25. The PSIR recommended an increase of two levels for the possession of a firearm in connection with the drug offense, pursuant to U.S.S.G. § 2D1.1(b)(1). Id. at ¶ 26. The PSIR recommended a three level reduction for acceptance of responsibility, which gave Defendant a total offense level of 29. The PSIR indicated Defendant had a total criminal history score of 15, which placed her in a criminal history category of VI. Id. at ¶ 64. The statutory minimum term of imprisonment was five years and the maximum term of imprisonment was 40 years. Id. at ¶ 104. The PSIR indicated the guideline imprisonment range to be 151 to 188 months. Id. at ¶ 105.

Prior to sentencing, defense counsel filed a memorandum arguing that a downward variance would be in line with the statutory purposes that govern sentencing. (Doc. 47). Defense counsel acknowledged that it was technically appropriate for Defendant to receive the two-point enhancement for possession of a firearm given the law and the guideline provision. However, Defendant requested that the Court look beyond the harshness of the guideline and punish Defendant for what she was convicted of as opposed to unindicted conduct. Defense counsel pointed out that Defendant's husband was the only person named in Court Two of the Indictment, and that an unindicted rear passenger of the vehicle in which the drugs and firearm were found was searched after the stop and this passenger had a bullet for the stolen revolver on his person. Id. at 7.

Defendant appeared for sentencing on April 16, 2019. (Doc. 51). A judgment was entered sentencing Defendant to 162 months. (Doc. 52). Defendant was also sentenced to four years of supervised release; a $100 special assessment; and a $2,400.00 fine.

Defendant filed a *pro se* appeal to the United States Court of Appeals for the Eighth Circuit on January 6, 2020. (Doc. 78). On January 9, 2020, the Eighth Circuit dismissed the appeal as untimely. (Doc. 82). Defendant filed the instant § 2255 motion on July 27, 2020. (Doc. 94).

## II.  Discussion

### A. Ground For Relief

Defendant asserts one ineffective assistance of counsel claim. Specifically, Defendant asserts her appointed counsel failed to object to the two-point enhancement in the sentencing guidelines for possession of a gun. (Doc. 94, p. 4).

### B. Section 2255

Section 2255(a) allows "[a] federal prisoner in custody under sentence by a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "Relief under [§] 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

## C. Ineffective Assistance of Counsel Standard

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court set forth the standard to be applied to ineffective assistance of counsel claims. To prevail on her ineffective assistance of counsel claim, Defendant must prove, by a preponderance of the evidence, two related but independent issues. First, Defendant must show that counsel's performance was so deficient so as to not constitute counsel as guaranteed the defendant by the Sixth Amendment. <u>Id</u>. at 687. Second, that counsel's deficient performance materially and adversely prejudiced the outcome of the case. <u>Furnish v. United States of America</u>, 252 F.3d 950, 951 (8th Cir. 2001).

With respect to the first prong, "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 687-88. The Supreme Court instructed:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

<u>Id</u>. at 689. A reviewing court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." <u>Id</u>. at 690.

With respect to the second prong, to prove an error was prejudicial Defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." Strickland, 466 U.S. at 694. "[N]ot every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." Id. at 693.

The Eighth Circuit has set forth the two-prong Strickland test as follows: "[w]hether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation. If we can answer 'no' to either question, then we need not address the other part of the test." Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

**D.     Counsel's Failure to Challenge the Possession of a Firearm Enhancement**

Defendant asserts defense counsel performed deficiently by failing to object to the two-point enhancement in the Sentencing Guidelines for possession of a firearm. (Doc. 94, p. 4). Defendant argues that she was not convicted of possession of a firearm and that had defense counsel objected to the gun enhancement, it might have made a difference in her sentencing. Id.

The two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) applies if "a dangerous weapon (including a firearm) was possessed" in connection with a drug-trafficking offense. The enhancement "reflects the increased danger of violence when drug traffickers possess weapons." U.S.S.G. § 2D1.1(b)(1), Application Note 11.

"For § 2D1.1(b)(1) to apply, the government must prove two things—(1) the gun was possessed and (2) it was not clearly improbable that the weapon was connected to the drug offense." United States v. Anderson, 618 F.3d 873, 880 (8th Cir.2010). "To prove the firearm was 'possessed,' the government need not prove ownership of either the weapon or the premises on

5

which it is found ...." Id. at 879. "[E]ither actual or constructive possession is sufficient, i.e., the individual must have exercised 'ownership, dominion, or control' either over the firearm or the premises on which it is found." United States v. Payne, 81 F.3d 759, 762 (8th Cir.1996). "Constructive possession may be joint and need not be exclusive...." United States v. Wright, 739 F.3d 1160, 1169 (8th Cir.2014) (citing United States v. Brett, 872 F.2d 1365, 1369 (8th Cir.1989)). The government proves a "connection" between the firearm and the offense "by showing the existence of a temporal and spatial relation between the weapon, the drug trafficking activity, and the defendant." United States v. Newton, 184 F.3d 955, 958 (8th Cir.1999). In fact, "[e]vidence that the weapon was found in the same location as drugs or drug paraphernalia usually suffices." United States v. Cave, 293 F.3d 1077, 1079 (8th Cir.2002)(quoting United States v. Fladten, 230 F.3d 1083, 1086 (8th Cir. 2000)).

In this case, the parties stipulated in the plea agreement that on May 22, 2018, law enforcement received information from a confidential informant that Defendant and Selby were transporting a large amount of methamphetamine to the Northwest Arkansas area. (Doc. 27, ¶ 4(a)). The confidential informant said Defendant was driving a white rental vehicle, and that Defendant and Selby were going to meet someone at a Walmart Neighborhood Market. Id. at ¶ 4(b). Drug Task Force (DTF) detectives initiated surveillance of the parking lot and a short time later spotted Defendant, as the driver of the vehicle, and Selby, as a front seat passenger. After confirming that both Defendant and Selby were both convicted felons on parole, the DTF detectives followed the vehicle to a nearby closed business parking lot, where they pulled behind the vehicle driven by Defendant and effectuated a traffic stop. Id. at ¶ 4(c). Defendant then put the vehicle in reverse and rammed the DTF detectives' vehicle. Defendant and Selby were then

detained and a search of the vehicle resulted in the discovery of three baggies containing suspected methamphetamine. Id.

The offense conduct in the PSIR indicated that the confidential informant alerted law enforcement that Defendant and Selby were in the possession of a firearm, and a stolen firearm was found when the vehicle in question was searched. (Doc. 31, ¶¶ 11, 14).

Based on the aforementioned facts, the District Court properly found the Government met its burden of establishing the nexus between the firearm and the drug conspiracy as the firearm was found in the same vehicle as the drugs. See United States v. Payne, 81 F.3d at 763 (noting that the requisite nexus between the weapon and the drug offense exists if "the weapon was found in the same location where drugs or drug paraphernalia were stored, or where part of the conspiracy took place"). The presence of other people in the vehicle does not negate Defendant's possession of the firearm, as more than one person can constructively possess the same firearm. See e.g., United States v. Ruiz-Zarate, 678 F.3d 683, 692 (8th Cir. 2012) ("each of the defendants constructively possessed the same revolver"); see also, United States v. Braggs, 317 F.3d 901, 904- 905 (8th Cir. 2003) (although the firearm was in actual possession of a co-defendant present in the same vehicle as defendant, district court properly found for purposes of § 2D1.1(b)(1) that defendant constructively possessed the same firearm based on evidence linking defendant to co-defendant's firearm possession and their joint drug trafficking activities).

Based on the foregoing, Defendant failed to prove defense counsel's performance was deficient. Further, since there was no reasonable probability that an objection to the two-level § 2D1.1(b)(1) enhancement would have succeeded, Defendant was not prejudiced by her counsel's failure to make such a meritless objection.

### III. Conclusion

Based upon the foregoing, the undersigned hereby recommends that Defendant's Motion to Vacate filed pursuant to 28 U.S.C. § 2255 be DENIED and DISMISSED with prejudice.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §§ 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of December 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE